**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUL 23 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| SANDRA SHAH, an individual and successor-in-interest of Shiloh Shah, deceased, | No. 23-55690 |
| Plaintiff-Appellant, | D.C. No. 2:22-cv-01335-FWS-MAA |
| v. | |
| AHMC HEALTHCARE, INC., a California corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| and | |
| DREW CHAIN SECURITY CORPORATION, a California corporation; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted July 12, 2024
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  IKUTA and NGUYEN, Circuit Judges, and ANELLO,[**] District Judge.

Sandra Shah appeals the dismissal of her complaint for failure to state a claim.  Her complaint alleges that Parkview Community Hospital, which is owned and operated by AHMC Healthcare, Inc., failed to provide her son Shiloh with an appropriate medical screening examination, as required by the Emergency Medicine Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd(a).  We reverse, because Shah's complaint plausibly alleges an EMTALA violation.

Shah's complaint alleges that Parkview's emergency department charge nurse did not examine Shiloh before directing third-party ambulance personnel to place him in the emergency room lobby; that a Parkview nurse directed a security guard to remove Shiloh from the premises even though he had not been examined by a nurse or doctor; that security guards did so just after ambulance personnel took a final set of vitals and transferred Shiloh's care to Parkview; that witnesses had seen security staff similarly remove patients on other occasions; and that the California Department of Public Health had concluded after an investigation that Shiloh was removed from the facility prior to a medical screening exam.  None of these is a "legal conclusion couched as a factual allegation" that may be

---

[**]     The Honorable Michael M. Anello, United States District Judge for the Southern District of California, sitting by designation.

disregarded as conclusory. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Taking these and the complaint's other well-pleaded factual allegations as true, it may plausibly be inferred that Parkview did not provide Shiloh an appropriate medical screening, because a hospital does not "discharge its duty . . . by not providing *any* screening, or by providing screening at such a minimal level that it properly cannot be said that the screening is 'appropriate.'" *Eberhardt v. City of Los Angeles*, 62 F.3d 1253, 1258 (9th Cir. 1995).

Shah's complaint also alleges that three male overdose patients brought to Parkview by ambulance on the day in question each received heart rate, oxygen saturation, blood pressure, and breath rate monitoring, while a fourth—Shiloh—did not. The complaint alleges as well that Parkview's standard screening protocol involves such monitoring. *See Baker v. Adventist Health, Inc.*, 260 F.3d 987, 994 (9th Cir. 2001). Taking these factual allegations as true, it may plausibly be inferred that Parkview did not provide Shiloh a screening "comparable to the one offered to other patients presenting similar symptoms" as required by EMTALA. *Jackson v. E. Bay Hosp.*, 246 F.3d 1248, 1256 (9th Cir. 2001).

**REVERSED AND REMANDED.**